———O———

## No. 6425.

## NEW ORLEANS GASLIGHT COMPANY vs. A. L. PATTERSON & CO.

### Syllabus.

A contractor executing a contract of public improvement must so prosecute the work as to cause no unnecessary damage to

the property of others. And where it is shown that by additional precaution in the conduct of the work the damage could have been averted, the contractor can relieve himself from liability only by proving that it would be unreasonable to require him to adopt these precautions.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 105,984. Honorable F. D. King, Judge.

Buck, Walshe & Buck, McCloskey & Benedict, for plaintiff and appellee.

W. L. Gleason, John May, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant, A. L. Patterson & Co., the only defendant that need be considered on this appeal, was under contract with the Sewerage & Water Board of this city to construct a drainage canal on Napoleon Avenue, and it is now sued by plaintiff for damages sustained through the alleged negligent performance of the work.

The work necessitated an excavation 16 feet wide by 12 feet deep the length of the street, and in order to carry off the earth thus removed defendant constructed and operated a steam railroad and cars along the sides or banks of the excavation.

Immediately beneath this railroad lay plaintiff's mains, and these were thrown out of alignment and rendered useless at divers points by reason of the subsidence of the soil during the prosecution of the work. In order to continue supplying consumers with gas, plaintiff was obliged to construct temporary surface mains, and the actual cost of the labor and material expended for this purpose is the principal item of plaintiff's claim herein.

The placing of the excavated earth upon the cars, thus withdrawing or diminishing the lateral support to the

— 411 —

banks and at the same time increasing the load upon them, undoubtedly caused the subsidence and the consequent injury to plaintiff's property; and the sole question for determination on this score is whether or not defendant was negligent in permitting this to occur.

Plaintiff's evidence is positive to the effect that the subsidence, at some points amounting to four feet and necessitating the frequent repair of the railroad, could have been avoided by additional or substantial bracing or shoring of the sides of the excavation, and that defendant failed to adopt these precautionary measures, notwithstanding its attention was repeatedly directed to the injury being inflicted upon plaintiff by its failure so to do.

Upon the other hand, defendant's witnesses confine themselves to generalizations, testifying broadly that the operation of the railroad and the prosecution of the work. was conducted in a reasonable, ordinary, economical and practical manner, but none of them undertook to deny that the damage could have been avoided by additional bracing, or to affirm that the observance of this precaution would have been an unreasonable, unusual or impossible requirement. On the contrary, defendant apparently acknowledged the propriety of plaintiff's protest on this score by agreeing to and in fact adopting a different or modified method of prosecuting its work when the Constance Street canal was undertaken.

Upon these facts plaintiff was clearly entitled to recover. Defendant, executing a contract of public improvement was bound to prosecute the work as to cause no unnecessary damage to plaintiff's property; and where, as in this case, it is shown that the damage could have been avoided by observing additional precautions in the conduct of the work, the defendant, in order to be relieved of liability, was bound to prove that it would be

unreasonable to require the observance of these precautions.

Another item is injury to mains by the driving of piles through them. Defendant was furnished with maps showing the precise location of plaintiff's mains. The method of procedure adopted by the parties was that defendant would notify plaintiff whenever the line of piling or other work would cross plaintiff's mains, and the latter would in every instance at its own cost remove the main or otherwise provide against its being injured. In the instances for which damage is now claimed, defendant failed to give this notice; and as its neglect to do so is shown to have been due solely to carelessness and inadvertence on its part, there can be no doubt of its liability for the ensuing damage.

Defendant protests against being charged with the expense of placing underground in certain instances the temporary mains that had been laid upon the surface, claiming that this additional expenditure was due to an error of judgment on plaintiff's part. But in placing these mains originally upon the surface, plaintiff was apparently guided by a desire to minimize defendant's damage as the cost of laying them underground would undoubtedly have been greater. It would therefore be inequitable to visit upon plaintiff the expense of placing them below the surface, when this was subsequently done to satisfy the just protests of sundry property owners.

We find no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 30th, 1915.

Rehearing refused, July 22nd, 1915.

Writ denied, October 20th, 1915.